853 F.2d 927
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Velma J. THOMPSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-6053.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1988.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and JULIA S. GIBBONS, District Judge.*
 PER CURIAM.
 
 
 1
 The sole question presented in this case is whether Velma J. Thompson was erroneously denied social security disability benefits from June 2, 1983, the date on which plaintiff's prior disability application was denied, and September 30, 1983, the date on which her insured status expired.
 
 
 2
 Thompson appeals the district court's order affirming the findings of the Secretary of Health & Human Services that claimant was not disabled. Plaintiff's action, which had been brought under 42 U.S.C. Secs. 405(g) and 1383(c)(3), was dismissed.
 
 
 3
 Thompson was born on October 23, 1935, and was 49 years old at the time of her hearing decision. She has a 10th grade education and past relevant work experience as a barmaid, kitchen helper and waitress.
 
 
 4
 Claimant first filed for disability insurance benefits and supplemental security income on January 9, 1975. That application was denied on February 14, 1975. Claimant filed a second application on October 22, 1982. That application was denied June 2, 1983. Those denials were not appealed.
 
 
 5
 In July 1981, claimant was hospitalized for evaluation of progressive symptoms of dypnea and chest pains. After tests showed an atrial septal heart defect, Thompson underwent successful surgery. Her pulmonary pressure decreased and her post-operative recovery was uneventful.
 
 
 6
 In July 1983, claimant was admitted to the hospital with complaints of chest pain. An echocardiogram showed right ventricular enlargement. An EKG showed normal sinus rhythm with first degree AV block. After examining claimant, Dr. Christopher Havelda indicated that the cause of Thompson's alleged chest pain was not known. She was categorized as a functional Class II B, which is defined as one suffering from a moderate impairment which slightly limits physical activity. On the basis of his physical examination of July 22, 1983, Dr. Havelda reported that claimant was fairly active and was able to walk two miles a day without difficulty.
 
 
 7
 Thompson was hospitalized again in December 1983 because of chest pain. Dr. Havelda reported that there was tenderness in the chest wall area. An echocardiogram and an EKG indicated no change from June 1983. There was also no evidence of myocardial ischemia. After diagnosing musculoskeletal chest pain, Dr. Havelda prescribed pain relievers for Thompson.
 
 
 8
 In January 1984, after claimant's insured status had expired, Thompson complained that she continued to experience frequent heart skipping and racing as well as syncope. Dr. Havelda prescribed a diuretic therapy and noted that a follow-up visit should be scheduled in three months. At that time he categorized her as a functional Class II-III B. Dr. Havelda last saw claimant on March 30, 1984. He diagnosed her as suffering from acyanotic congenital heart disease with atrial septal repair and residuary pulmonary hypertension. Dr. Havelda wrote at that time that claimant's functional class was Class III B, and that minimal exertional activities caused her symptoms to appear. There is no evidence of any tests being performed on claimant after January of 1984.
 
 
 9
 Thompson filed for disability insurance benefits and supplemental security income on February 17, 1984. She alleged disability commencing June 14, 1981, due to "heart disease." As we noted at the outset, however, the critical period in our analysis is from June 2, 1983 to September 30, 1983. The administrative law judge before whom this claim was heard found that claimant was not disabled because she retained the residual functional capacity to perform a full range of sedentary work. She was, however, unable to perform her past relevant work. She was found to be not disabled.
 
 
 10
 On review, our task is to determine whether there is substantial evidence to support the Secretary's findings. Those findings "are not to be overturned unless there is no substantial evidence supporting such conclusions." Kirk v. Secretary of Health & Human Services, 667 F.2d, 524, 535 (6th Cir.1981). Having reviewed the record, we believe there is substantial evidence upon which the Secretary could conclude that claimant was not precluded from sedentary work activity. Plaintiff's treating physician, Dr. Havelda, reported in 1983 that Thompson had only a moderate heart impairment. He did not state as he did after her benefits had expired, that she was disabled. Claimant has testified that she is able to walk approximately one hour per day for as far as one mile. She continues to perform light housekeeping tasks such as making the bed, dusting, cooking, and does some quilting. Plaintiff also testified that she carries nitroglycerin but has seldom had to use it and had not used it for some time prior to her hearing. The Secretary's determinations are further buttressed by the conclusions of Dr. Steven Lamb, II, who examined Thompson in November of 1984. His findings were essentially the same as those of Dr. Havelda in July 1983. We believe this evidence was sufficient grounds for the administrative law judge to disregard Dr. Havelda's statement in a letter dated March 1985 that he believed claimant's functional class was III B. This letter of March 1985 is entitled to little weight on the further ground that Dr. Havelda stated that he had not seen claimant since March 30, 1984.
 
 
 11
 Claimant also argues on appeal that because pain is a non-exertional limitation, the Secretary erred in using the disability grids to find claimant not disabled. This argument flies squarely in the face, however, of Cole v. Secretary of Health & Human Services, 820 F.2d 768 (6th Cir.1987), where we declared that pain alone is not a non-exertional limitation preventing the use of the grid. Thus, we believe that the administrative law judge properly evaluated Thompson's claim and found her not disabled under 20 C.F.R. Part 404, Subpart P, appendix 2, Table I, rule 201.18. Finally, we note that claimant has suggested that by August 23, 1985, her condition had deteriorated and she would now certainly be found disabled and entitled to supplemental security income benefits through application of the disability grids. Claimant's confidence stems in part, we suspect, from the fact that she is now in an older age classification. Because we are reviewing the decision of the administrative law judge made February 6, 1985, which decision was confirmed by the Appeals Council on May 21, 1985, this assertion by the claimant does not affect our analysis. If claimant's assertion is correct, however, her remedy is to refile for supplemental security income benefits.
 
 
 12
 Accordingly, the decision of the district court affirming the Secretary is hereby affirmed.
 
 
 
 *
 The Honorable Julia S. Gibbons, United States District Court Judge for the Western District of Tennessee, sitting by designation